UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MELVIN E. MOSLEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 04-1144 |
| MAYTAG CORPORATION, | ) |
| Defendant. | ) |

**O R D E R**

On January 27, 2006, the Court issued its Order granting summary judgment in favor of Defendant Maytag. Judgment was entered, and Maytag subsequently submitted its Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d), seeking to recover $3,541.41. Plaintiff has now filed an "Objection" to the Bill of Costs. For the reasons stated herein, Plaintiffs' objection is rejected, resulting in an award of costs in the amount of $3,212.26.

**Discussion**

"[C]osts . . . shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d)(1). The costs that may be recovered pursuant to Rule 54(d)(1) are specified in 28 U.S.C. § 1920. *See* Crawford v. Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987). They include: (1) fees of the clerk and marshal; (2) fees of the court reporter; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of "papers necessarily obtained for use

in the case"; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920.

Rule 54(d) creates a strong presumption favoring the award of costs to the prevailing party. *See* Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 945 (7th Cir. 1997). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." Id. (citation omitted). The losing party must affirmatively demonstrate the prevailing party is not entitled to costs. *See* M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1409 (7th Cir. 1991).

The entire basis for Mosley's objection is that he "has filed an appeal on all counts of judgement [sic] on January 27, 2006." With all due respect, this argument, which is unsupported by any citation to relevant authority, does not overcome the presumption that costs should be awarded and is not a basis for declining an award of costs. There is no challenge to any specific costs or even a bald claim of indigency. Accordingly, Mosley's "Objection" is rejected.

That being said, the Court has an independent duty to award only such costs as are reasonable, and several items on the Bill of Costs are plainly unrecoverable. Maytag seeks $25.06 as "Fees of the Clerk." Although this category is intended to allow a party to recover filing fees, the amount sought by Maytag represents the per page charges assessed by the PACER system for electronic access to pleadings. However, as the Court sends an electronic copy of all of its docket entries to counsel when they are issued, this item represents a service obtained for purposes of attorney

convenience/overhead that is not properly recoverable as costs.  See <u>Abbott v. Village of Winthrop Harbor</u>, 1999 WL 675292, at *5 (N.D.Ill. Aug. 24, 1999).

Maytag also requests an award of $32.00 for facsimile charges and $292.99 in messenger/Federal Express delivery charges and asserts that these costs were for delivery of documents that "were necessary and for use in defense of Plaintiff's claims." Nevertheless, the reasonableness or necessity of each mailing is inapposite, as messenger fees, postage expenses, and facsimiles are also items of attorney overhead expenses that are not properly recoverable as costs.  See <u>Abbott</u>, 1999 WL 675292, at *5, *citing* <u>In re Meese</u>, 907 F.2d 1192, 1204 (D.C. 1990).  Accordingly, as there has been no showing that these expenses were extraordinary beyond normal expenses, the Court finds that Maytag cannot recover its facsimile, messenger, and express mail charges.

## CONCLUSION

For the reasons set forth above, the Court hereby awards, and the Clerk of Court is directed to tax, costs in the amount of $3,212.26 in favor of Defendant Maytag and against Plaintiff Mosley.

ENTERED this 10th day of March, 2006.

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge